## COOPER *v.* THE STATE.

CRIMINAL LAW.—*Former Conviction.—Burden of Proof.*—Where a former conviction is the defence, the burden of proof is upon the defendant to prove that the offence charged is the identical one for which he has been formerly tried.

SAME.—Where there were three indictments against a person for selling liquor to a certain minor, and on the trial of one of them the proof was, that the defendant had sold to the prosecuting witness two or three glasses of intoxicating beer, of which sales the witness had testified at the former trials of the other two indictments, on one of which defendant was convicted, and. on the other of which he was acquitted, because the sale had been made in his absence by his son;

*Held,* that the evidence of former acquittal or conviction was not sufficient.

From the Marion Criminal Court.

*L. Feibleman* and *J. S. Harvey,* for appellant.

*J. C. Denny,* Attorney General, *R. P. Parker,* Prosecuting Attorney, *H. Lee,* and *J. B. Elam,* for the State.

BUSKIRK, J.—The appellant was indicted, tried, and convicted in the court below for selling liquor to a minor. The court overruled the motion for a new trial, and rendered judgment on the verdict. The error assigned is based upon the action of the court in overruling the motion for a new trial.

It is conceded that the evidence offered by the State was sufficient to justify the verdict, but it is insisted that upon. the whole evidence the appellant was entitled to an acquittal, upon the ground that he had either been acquitted or convicted of the offence charged in the indictment. This proposition is attempted to be supported upon the following facts :

" It was admitted by both parties that the defendant had been, during the month of April, 1874, tried upon two indictments found by the grand jury at the same time the indictment upon which the defendant was now being tried was found, all charging the defendant with selling intoxicating liquors to the said George Bloomestock, the witness for the State in this case; that the defendant was acquitted in.

one case, because it was proved that the witness got the liquor of the defendant's son, while the defendant was at dinner; that in the other case he was found guilty and fined."

George Bloomestock, the person to whom it was charged the liquor was sold, testified in his examination, that he was sixteen years of age, and that he purchased of the defendant, the first time he was in the saloon, a glass of beer, for which he paid five cents, and that such beer was intoxicating.

Upon his cross examination, he testified: " I have been employed at the street-car stables about seven years; the time I got the beer was the first time I ever was in Cooper's saloon; last ·month, when I was a witness in this court before a jury, I testified about this same drink of beer."

Upon re-examination, he testified: " I never bought but two or three drinks of Cooper himself; I will say two drinks; don't know what other drinks I testified about; I testified two or three times in this court; don't remember how often, and don't remember what drinks I testified about."

It is ordinarily necessary, to make out a former conviction or acquittal, that the record of the former trial should be introduced, and the offence and defendant identified by parol evidence. The admission made in the present case will dispense with the introduction of the record evidence. Counsel for appellant rely upon the statement of the witness, that "when he was a witness in this court before a jury, he testified about this same drink of beer."

It is only the matters involved in the issues made by the pleadings in a cause, that are considered *res adjudicata.* *Duncan* v. *Holcomb,* 26 Ind. 378.

The question, therefore, is, whether the appellant was upon his trial for the selling of the same glass of beer as that charged in the indictment in the present case. The prosecuting witness may upon the former trials, as upon this, have testified to the number of times that he had purchased liquor of the defendant. The witness, upon his re-examination, testified that he purchased of Cooper himself two or

three drinks. It appears that Cooper was acquitted in one case, because the witness had bought the liquor of the son of the defendant during his absence. This left two or three drinks purchased of the defendant. He was only found guilty in one case, before the judgment in the present case. The prosecuting witness says, that he purchased the beer charged in the indictment in the present case. This, then, could not have been the case upon which he was acquitted, for in that case the purchase was not made of the defendant. The burden was upon the appellant to show that the offence charged in the present case was the same identical offence for which he had been found guilty. In our opinion, this was not proved. It was not sufficient that the witness testified about the sale of the same glass of beer; for this he might have done, although the appellant was on his trial for the sale of intoxicating liquor at a different time. It was a question for the jury, and we think their verdict was fully sustained by the evidence. *Goudy* v. *The State,* 4 Blackf. 548; *Willard* v. *The State,* 4 Ind. 407.

The judgment is affirmed, with costs.