Martin v. The State.

MARTIN v. THE STATE.

[No. 18,188.   Filed October 13, 1897.]

APPEAL AND ERROR.—*Bill of Exceptions.*—When the transcript shows the filing of a completed bill, within the time required, it will be inferred that the bill was properly signed by the judge prior to the filing thereof. *pp. 519, 520.*

CRIMINAL LAW.—*Evidence Must Support the Conclusion of Guilt.*—It is the duty of the court, before sustaining a conviction for a crime, to find evidence supporting the conclusion of guilt. It is not enough that evidence merely tends to support such conclusions. *p. 521.*

LARCENY.—*Evidence.*—A conviction for larceny is not sustained by evidence that a person with whom defendant had been tramping, and with whom he entered a store, stole a suit of clothes, while defendant was looking at clothing in another part of the store, defendant manifesting no surprise upon the arrest of both, immediately upon leaving the store. *pp. 520, 521.*

From the Perry Circuit Court.   *Reversed.*

*C. H. DeWeese* and *W. A. Land,* for appellant.

*W. A. Ketcham,* Attorney-General, *Merrill Moores, S. M. Hilligoss* and *T. W. Lindsay,* for State.

HACKNEY, J.—The appellant seeks a reversal of the judgment of the lower court wherein he was found and adjudged guilty of the crime of larceny. The question urged arises upon the evidence, and the appellee objects to any consideration of the evidence upon the ground that the record does not affirmatively disclose that the bill of exceptions was signed by the trial judge before the same was filed by the clerk. It affirmatively appears from the entries of the court

that on the 9th day of February, 1897, the appellant filed, during the term, and within the time allowed, the bill of exceptions copied into the transcript. The bill so copied discloses that it was tendered to and signed by the judge on said 9th day of February, 1897.

From the record entries and the copy of the bill, including the signature of the judge, but one inference is possible, and that it is that the signing preceded the filing.

It has not been held, as in the required preliminary filing of the longhand manuscript of the evidence, to become a part of the record, that the filing of a complete bill, under sections 641, 1916, Burns' R. S. 1894, is not sufficient. While signing is a prerequisite to the filing of a bill, because the instrument does not become a bill until it is signed, when the transcript shows the filing of a completed bill, within the time required, the single inference must be that it was signed and in the condition in which it is shown to have been filed. Otherwise it must be presumed that the clerk has certified that which is untrue.

Upon a careful study of the evidence, we are satisfied that it was not sufficient to support the finding of the court.

Two men, Martin and Thayer, tramping from Cincinnati to Evansville, arrived at Tell City in the evening and visited two clothing stores, in each of which Martin sought a pair of jean trousers, of a kind usually kept in such stores, and in neither of which could they be found at that time. During their visit to the second of said stores, and While Martin was looking at trousers in the back part of the store with his back to Thayer, the latter stole a suit of clothes, which he secreted under his coat, and when, in leaving the store, they stepped from the outer door, they were both arrested for stealing said clothes.

There was no evidence of a previous understanding that Martin would occupy the attention of the clerk of the store while Thayer would steal the clothes, nor that Martin knew Thayer intended to steal or had stolen the clothes, nor was there evidence tending to show that Martin did not, in good faith, desire to purchase trousers.

It was shown that Martin made no complaint of his arrest, and manifested no surprise concerning it, and the State insists that this raises an inference of guilt. Conduct at the time of arrest is admissible as tending to show a consciousness of guilt. *State* v. *Phelps*, 5 S. D. 480, 59 N. W. 471; *Greenfield* v. *People*, 85 N. Y. 75, 39 Am. Rep. 636; Gillett's Indirect and Collateral Ev., section 13. But here it became the duty of the court, and it is our duty, before sustaining a conviction, to find evidence supporting the conclusion of guilt. It is not enough that evidence merely tends to support the conclusion of guilt, it must support it. When the officer approached the two men Thayer dropped the clothes upon the sidewalk and disclosed the larceny, and it became apparent to them both that their arrest was for the offense thus disclosed. Silence at the time was not an admission, for he was not required to speak. We do not feel safe in accepting the evidence, so slightly tending to establish guilt, as of the character required. If connected with other facts and circumstances strongly tending to show guilt, the circumstances referred to might be controlling, but, in the absence of any other fact or circumstance, they seem wholly inadequate.

The judgment is reversed, with instructions to grant the appellant's motion for a new trial.