# FALK *v.* STATE OF INDIANA.

[No. 22,693. Filed October 16, 1914.]

1. CRIMINAL LAW. — *Appeal.* — *Review.* — *Conflicting Evidence.* — Where the evidence is conflicting, and there is some evidence, either direct or inferential, to prove every essential element of the offense for which the conviction is had, the Supreme Court can not disturb the verdict on the ground of insufficient evidence. p. 320.

2. RAPE.—*Assault and Battery with Intent.—Evidence.*—In a prosecution for assault and battery on a five-year-old girl with intent to rape, evidence which merely showed a touching of the child, but which was of such character as not to show that the touching was unlawful, or that it was with felonious intent, except by deduction from the facts proved, was not sufficient to sustain a judgment of conviction. p. 320.

3. CRIMINAL LAW. — *Evidence. — Circumstantial Evidence. — Sufficiency.*—Circumstantial evidence as a basis for conviction of crime ought to be acted on with much caution, and, while such rule of caution does not mean that such evidence is incapable of producing as high a degree of proof as direct evidence, such evidence should, to sustain a conviction, be of a conclusive tendency and exclude every reasonable hypothesis of innocence. p. 321.

From Huntington Circuit Court; *Samuel E. Cook,* Judge.

·Prosecution by the State of Indiana against Jacob Falk. From a judgment of conviction, the defendant appeals. *Reversed.*

*W. A. Branyan* and *Wilbur E. Branyan,* for appellant.

*Thomas M. Honan,* Attorney-General, and *Thomas H. Branaman,* for the State.

Cox, C. J.—The transcript of the record in this case shows that on the night of June 13, 1914, appellant was arrested and subsequently, by affidavit filed in the circuit court on June 26, 1914, was charged with assault and battery on a girl child five years old with the felonious intent to ravish her. On the same day he was arraigned and put to trial on this affidavit before a jury which returned a verdict of guilty. Judgment followed the verdict and appellant was sentenced to pay a fine and be imprisoned in the Indiana Reformatory for an indeterminate period of from two to fourteen years. Such a defence as he had was, as the transcript obviously shows, perfunctorily made by an attorney appearing for him as a poor person. A motion for a new trial was made which was based on the alleged insufficiency of the evidence in fact and in law to sustain the verdict. This appeal is prosecuted for appellant as a poor person by

counsel other than the one who represented him in the trial and the adverse ruling of the trial court on the motion for a new trial is the sole error assigned and relied on for reversal.

The evidence upon which the conviction rests shows without material contradiction the following facts: Appellant was twenty-six years old. He had been known to the parents of the child since he was twelve years old. On the night of the alleged commission of the crime the parents of the child, having her with them, met appellant on the streets of the city of Huntington. They all went up an alley to the back of a saloon where the adults got some beer. From there they went to a "merry-go-round" on State Street. Back from this resort was an old abandoned cemetery along which ran a river. The ground back was rocky and rough and covered with underbrush and trash. A path led back from the resort down to the river. It was between 9 and 10 o'clock when they went to the "merry-go-round". Thence they all went to a brewery three-fourths of a mile away and the parents there got a case of beer which they carried on the return while appellant led the little girl by the hand. When they had traversed part of the way back to the "merry-go-round" and were resting it was planned between them for appellant to go on with the child to the "merry-go-round" while they would follow by a rough and obscure way along the river so they would not be seen with the beer. The only material difference between the testimony of the parents occurs at this point. The mother testified that appellant was to go on to their home with the child "back along the river" by way of the "merry-go-round" "and if he got there first was to turn on the lights". The father testified that he told appellant to go down by the river back of the "merry-go-round" and they would meet him there. After appellant had gone on with the child the parents changed their intention and went directly home by a different route. A little before eleven o'clock a stranger in Huntington spending

the night in a lumber shed in the vicinity of the "merry-go-round" heard a child "screaming and crying" and a man say "stop crying or I'll spank you." He followed the path down from the "merry-go-round" towards the river but the crying had stopped and he heard nothing more. He went back and found an officer on the street and they went down the path and with a light found appellant sitting on the ground with his back against a shed or a high board fence at a place surrounded by bushes and which was about 150 feet from the "merry-go-round" and about 50 feet to one side of the path. The child was standing in front of appellant between his knees and he had hold of her hands. She was not then crying. Appellant was asked by the officer what he was doing there and he said to the little girl "let's go home to mamma". He had been drinking, the testimony was, but was not drunk. The child was in no way injured but at the city building where she was taken with appellant her mother found that one hose supporter was missing and that the stocking was down about her foot. Upon these meager facts appellant's conviction rests. It can not be sustained. When there is a conflict in the evidence and there is some evidence direct or inferential sufficient to prove every essential element of the offense for which the conviction is had this court of course has no authority to set the verdict and judgment aside. But in the case before us, the facts, established by the testimony of the witnesses in the case as above set out directly show only the touching of the child by appellant. The unlawful character of the touching and the felonious intent with which it was alleged in the affidavit to have been done can only appear from deductions from these facts.

Circumstantial evidence as a basis for a conviction of crime ought to be acted on with much caution particularly where the crime charged is very heinous. But the caution

with which such evidence should be received and re-
3.  lied on for conviction does not mean that it is incapa-
ble of producing as high a degree of proof as direct
evidence.  12 Cyc. 489.  Throughout the judicial history of
this State it has been declared that circumstantial evidence
to be sufficient to sustain a conviction shall be of a con-
clusive tendency; that it is not sufficient if merely consistent
with the hypothesis of guilt but must exclude every rea-
sonable hypothesis of innocence.  *Sumner* v. *State* (1841), 5
Black. *579, 36 Am. Dec. 561; *Cavender* v. *State* (1890), 126
Ind. 47, 25 N. E. 875; *Wantland* v. *State* (1896), 145 Ind.
38, 43 N. E. 931; *Martin* v. *State* (1897), 148 Ind. 519, 47
N. E. 930; *Chapman* v. *State* (1901), 157 Ind. 300, 61 N. E.
670; *Hampton* v. *State* (1903), 160 Ind. 575, 67 N. E. 442.
The following declaration of this court through Mitchell,
J., in *Cavender* v. *State, supra,* has long been followed by
this and trial courts: "The true test by which to deter-
mine the value of circumstantial evidence, in respect to its
sufficiency to warrant a conviction in a criminal case, is,
not whether the proof establishes circumstances which are
consistent, or which coincide with the hypothesis of the guilt
of the accused, but whether the circumstances, satisfactorily
established, are of so conclusive a character, and point so
surely and unerringly to the guilt of the accused as to ex-
clude every hypothesis of his innocence.  The force of cir-
cumstantial evidence being exclusive in its character, the
mere coincidence of a given number of circumstances with
the hypothesis of guilt, or that they would account for, or
concur with, or render probable the guilt of the accused, is
not a reliable or admissible test, unless the circumstances
rise to such a degree of cogency and force as, in the order
of natural causes and effect, to exclude, to a moral certainty,
every other hypothesis except the single one of guilt."

If it can be said that an hypothesis of appellant's guilt is
reasonably sustained by the facts it surely is quite obvious
Vol. 182—21

that they do not exclude to a moral certainty the hypothesis that the touching of the child was not unlawful and was without feloneous intent.

The judgment is reversed with instructions to sustain appellant's motion for a new trial.

The clerk is directed to issue the proper order for the return of appellant to the custody of the sheriff of Huntington County.

NOTE.—Reported in 106 N. E. 354. The question of the preparation to commit assault with intent to rape or ravish as distinguished from overt act in commission of offense itself is treated in 42 L. R. A. (N. S.) 524. As to what constitutes crime of rape, see 80 Am. Dec. 361. See, also, under (1) 12 Cyc. 908; (2) 33 Cyc. 1495; (3) 12 Cyc. 488.