STATE OF INDIANA *v.* O'DELL.

[No. 23,255.    Filed January 30, 1918.]

1. APPEAL.—*Bill of Exceptions.*—*Presumptions.*—Where a bill of
exceptions is signed and filed on the same day, it is presumed
that the signing of it by the judge preceded the filing with the
clerk.    p. 85.

2. SCHOOLS AND SCHOOL DISTRICTS.—*Compulsory Attendance.*—
*Statute.*—*Construction.*—Compulsory education statutes, such
as §6675 Burns 1914, Acts 1913 p. 616, do not invade the right
of a parent to govern the child; and they are to be given a
reasonable interpretation, that the best interests of the child
and the state may be served.    p. 86.

3. SCHOOLS AND SCHOOL DISTRICTS.—*Compulsory Attendance.*—
*Completion of Course.*—*"Common Schools."*—*"Public Schools."*—
*Statute.*—Section 6675 Burns 1914, Acts 1913 p. 616, requiring
the regular attendance of any child between the ages of seven
and fourteen at a public, private or parochial day school during
each year for a period not shorter than that of the "common
schools" of the school corporation where the child resides, ap-
plied to a child who completed the course of study in the grade
schools at the age of twelve and during the following year
studied music with private teachers instead of attending a high
school within three miles of her home, as the terms "common
schools" and "public schools" are synonymous and include high
schools by virtue of §6583 Burns 1914, Acts 1907 p. 323; and
the parent of the child was subject to the penalty provided in
the amendatory act, Acts 1915 p. 151, in the absence of proof
bringing himself within an exception.    p. 86.

4. CRIMINAL LAW.—*Exceptions to Statute.*—*Burden of Proof.*—
In a prosecution under the compulsory education act, §6675
Burns 1914, Acts 1913 p. 616, as amended in 1915, Acts 1915
p. 151, the burden was on the defendant to show that he was
within one of the exceptions.    p. 88.

From the Sullivan Circuit Court; *William H. Brid-
well,* Judge.

Prosecution by the State of Indiana against Benjamin O'Dell. From a judgment of acquittal, the state appeals. *Appeal sustained.*

*Ele Stansbury,* Attorney-General, *U. S. Lesh, Elmer E. Hastings, Edward M. White, John G. McCord* and *Martin L. Pigg,* for the state.

*John W. Lindley,* for appellee.

SPENCER, C. J.—Appellee was tried and acquitted on an affidavit which charges him with a violation of §6675 Burns 1914, Acts 1913 p. 616. The state has appealed from the judgment of acquittal and now seeks to present certain questions as to the interpretation of that statute. Appellee asserts that the appeal has not been properly perfected, but in this contention we find no merit. The first objection urged may be defeated through an application of the rule announced in

1. *Martin* v. *State* (1897), 148 Ind. 519, 47 N. E. 930, that where a bill of exceptions is signed and filed on the same day, it will be presumed that the signature of the judge preceded the filing with the clerk. As to the remaining objections, it is sufficient to say that the record clearly presents the rulings which are challenged by the state's appeal and shows a substantial compliance with the provisions of §2217 Burns 1914, Acts 1905 p. 584, 656.

The statute on which this prosecution was based provides, in part: "That it shall be the duty of every parent, guardian, or other person, in the State of Indiana, having control or charge of any child, to cause such child to attend regularly a public, private, or parochial day school, or two or more of such schools, during each school year for a term or period not shorter than that of the common schools of the school corporation in this state where the child resides. This section shall apply to every child not physically or mentally disqualified,

as hereinafter provided, who shall be of the age of seven years and of not more than the age of fourteen years, and shall apply to every child of fourteen years or more and not more than sixteen years of age, who is not actually and regularly employed, during the hours of the common school of such school corporation, in a useful employment or service, or is not lawfully employed in a gainful service agreeably to the provisions of this act concerning the employment of children in gainful occupations." The provisions of the act which refer to physical or mental disqualification and to employment during school hours have no bearing on the issues here presented.

Statutes such as the above do not invade the right of a parent to govern and control his own children (*State v. Bailey* [1901], 157 Ind. 324, 330, 61 N. E. 730, 59 L. R. A. 435; *State v. Jackson* [1902], 71 N. H. 552, 53 Atl. 1021, 60 L. R. A. 739), and they are to be given a reasonable interpretation to the end that the best interests of the child and the state alike may be served. *State v. Hall* (1906), 74 N. H. 61, 63, 64 Atl. 1102.

Although, in appeals of this character, the principles of law involved are to be treated with reference to their general rather than their specific application, the broad inquiry may often be more accurately defined if its origin under actual circumstances is made to appear. The record in this case discloses that in the school year of 1914-1915, appellee's daughter, then twelve years of age, attended district school No. 6 in Curry township, Sullivan county, and was regularly graduated therefrom in the spring of 1915, after having completed the full prescribed course of study ending with the eighth grade. During the following year she attended no public, private or parochial day school of any character, although a public high school was main-

tained at Farmersburgh, in Curry township, within three miles of appellee's residence, but pursued the study of music under private teachers, taking one lesson a week and studying at home for two hours a day. The prosecution on which this appeal is based proceeds on the theory that appellee, in failing to send his child to a school of general instruction during the year 1915-1916, violated the provisions of the statute under consideration and became subject to the penalty provided in the amendatory act of 1915. Acts 1915 p. 151. Appellee contends, and the trial court held, that, as his child had satisfactorily completed the study of such branches of learning as are required by law to be taught in the grade schools, the purpose of the statute had been fulfilled and she could not be compelled to receive any further instruction. This assertion rests, in part, on the false premise that the term "common schools," as used in the statute, has reference only to the grade or elementary schools, whereas, by express statutory definition, the term, which is synonymous with "public schools," is made to include high schools as well. §6583 Burns 1914, Acts 1907 p. 323. See, also, *People* v. *Moore* (1909), 240 Ill. 408, 410, 88 N. E. 979. Furthermore, our Compulsory Education Law does not assume to define the several branches of learning in which a child shall receive instruction and thus differs from the law under consideration in the case of *Commonwealth* v. *Roberts* (1893), 159 Mass. 372, 34 N. E. 402, which is relied on by appellee. It requires rather that all children between the ages of seven and fourteen, inclusive, who are mentally and physically qualified, shall attend one of the schools described in the statute and that all such children who are over the age of fourteen and not more than sixteen, and are not lawfully employed in a gainful occupation, shall also attend such a school. The tests which determine whether the child shall attend

school are primarily those of age and mental and physical fitness, while the other requirements of the statute are intended to define the school in which instruction may be had and the annual term or period of such instruction. The decision in *State* v. *Peterman* (1903), 32 Ind. App. 665, 70 N. E. 550, has reference to the latter issues alone and would serve to defeat a contention that the pursuit of any special study under conditions such as are presented by the record in this case would constitute attendance at a private school within the meaning of the law. In brief then, the legislature, in the exercise of undoubted authority, has determined that individual interest, as well as the good of the future citizenship of the state, requires that, between the ages of seven and sixteen inclusive, every child who is qualified and who is not lawfully employed after reaching the age of fourteen shall pursue a study of the general branches of learning. Ample provision is made for a course of study which shall cover that period and sufficient opportunity remains thereafter for the development of individual ambition. The statute recognizes such exceptions to its operation as are deemed expedient and in prosecutions for violation of the law the burden rests on the defendant to avail himself of the exception, if any, which is applicable to his case, since proof thereof is a matter of affirmative defense. *Cooper* v. *State* (1874), 47 Ind. 61, 63; *State* v. *McCaffrey* (1896), 69 Vt. 85, 90, 37 Atl. 234; 12 Cyc 380.

There is no occasion here to consider in detail the particular rulings to which exceptions were reserved at the trial of this case, but our discussion of the issues of law presented thereby is sufficient to show that the circuit court erred in many of such rulings. For that reason the appeal is sustained.

State, ex rel. *v*. Williams, Judge—187 Ind. 89.

NOTE.—Reported in 118 N. E. 529. Compulsory education (Ann. Cas. 1912A 373) : what constitutes compliance with statute, 41 L. R. A. (N. S.) 95. See under (2, 3) 35 Cyc 1121, 1123; (4) 12 Cyc 380.