## MILLER v. STATE OF INDIANA.

[No. 11,319. Filed February 16, 1922.]

1. SCHOOLS AND SCHOOL DISTRICTS.—*Compulsory School Attendance.—Statute.—Scope and Applicability.*—Under §5 of the School Attendance Act of 1921 (Acts 1921 p. 337, §6674a et seq. Burn's Supp. 1921), providing that every child between the ages of seven and sixteen years shall attend public school, or other school taught in the English language which is open to inspection of local and state attendance and school officers, each year during the entire time the public schools are in session in the school district in which a child resides, the parent of a child under the age of sixteen years, who has graduated from an elementary school in the township where she resided after completing the eighth grade thereof to the satisfaction of the school authorities, is required to send such child to the public high school of such township, where no facts exist which prevent an application of such section, and, where there are such facts, the burden is on the defendant in a criminal prosecution to avail himself thereof as a matter of affirmative defense; and a parent is not exempted from the application of such section because the public high school of the township in which the child resides is not located in the elementary school district of its residence, as in view of §6584a et seq. Burns 1914, Acts 1913 p. 331, and §6585 Burns 1914, Acts 1907 p. 616, when a township high school is established it becomes co-extensive with all the elementary school districts of such township. p. 612.

2. SCHOOLS AND SCHOOL DISTRICTS.—*Compulsory School Attendance.—Statute.—Scope and Application.—Course of Study.*— The course of study to be pursued in the public schools is prescribed either by statute or by the school authorities in pursuance thereof, and these schools include both elementary and high schools, and a parent is not at liberty to exercise a choice in that regard, and, after his child has graduated from one elementary school and is under the age of sixteen years, he cannot send it to another elementary school, but must send it to the public high school of the township, under §5 of the School Attendance Act of 1921 (Acts 1921 p. 337, §6674a et seq. Burns' Supp. 1921). p. 614.

From Lagrange Juvenile Court; *Thomas A. Davis,* Judge *Pro Tem.*

Prosecution by the State of Indiana against William

Miller. From a judgment of conviction, the defendant appeals. *Affirmed*.

*Joseph C. Herron* and *Joseph Cripe*, for appellant.

*U. S. Lesh*, Attorney-General, and *Edward M. White*, for the state.

BATMAN, P. J.—Appellant, the father of Amanda Miller, a child over seven and under sixteen years of age, was tried and convicted in the LaGrange Juvenile Court under §17 of the School Attendance Act of 1921, (Acts 1921 p. 337, §6674a *et seq.* Burns' Supp. 1921) based on a violation of §5 thereof, which provides: "Unless otherwise provided herein, every child between the ages of seven and sixteen years shall attend public school, or other school taught in the English language which is open to the inspection of local and state attendance and school officers; and such child shall attend such school each year during the entire time the public schools are in session in the school district in which such child resides." This appeal followed, based on an assignment of error, that the decision of the trial court is contrary to law.

The principal question in this appeal may be stated thus: Is the parent of a child under the age of sixteen years, who has been graduated from an elementary

1. tary school in the township where she resides, after having completed the eighth grade thereof to the satisfaction of the school authorities, required to send such child to the public high school of such township? After a careful consideration of the School Attendance Act of 1921, *supra*, in connection with other statutes governing the public schools of the state, we are of the opinion that such duty rests on the parent, where no facts exist which would prevent an application of that part of the school attendance act quoted above. Where such facts exist the burden is on a defendant to

avail himself thereof as a matter of affirmative defense. *State* v. *O'Dell* (1918), 187 Ind. 84, 118 N. E. 529.

The record contains a special finding of facts, made by the trial court pursuant to §1635 Burns 1914, Acts 1907 p. 221. Appellant does not contend that the facts are not correctly or fully found, but insists that they are not sufficient to sustain the judgment against him. We will therefore confine our attention to a consideration of the specific contentions based on such facts. It appears that the public high school of the township in which appellant and his child reside is not located in the elementary school district of their residence. Based on this fact, appellant claims to be exempt from the application of that part of said §5 quoted above, in so far as the attendance of his said child at said high school is concerned. The law does not sustain this claim. Township trustees, under certain conditions, are authorized to establish and maintain high schools, and when so established and maintained they are a part of the public school system, §§6584a-6584c Burns 1914, Acts 1913 p. 331, and §6585 Burns 1914, Acts 1907 p. 616. From a consideration of the sections of the statute cited, it is clear that when such a high school is established, the entire township becomes the school district which it is to serve. It is therefore coextensive with all the elementary school districts of such township. We are of the opinion therefore that when §5, *supra,* of the School Attendance Act of 1921, *supra,* provides that "said child shall attend such school each year during the entire time the public schools are in session in the school district in which such child resides," it does not refer to elementary districts alone, but as to such children, who are within the age limit prescribed, and have been graduated from the elementary schools of such township, that the entire township is the school district intended, where a public high school has been established and is

being maintained therein. It follows that appellant could not successfully defend on the ground that the public high school of the township is not-located in the same elementary school district in which he and his child reside.

The special finding of facts also shows that appellant was willing to send his said child to an elementary school, and did send her to such a school in an 2. adjoining township at the beginning of the school years of 1921 and 1922, and continued to do so until she was forbidden by the teacher thereof, because she had completed the eighth grade of the elementary schools, and no branches higher than said grade were taught therein. Based on this fact, appellant contends that his conviction of the offense charged should not be sustained. We cannot concur in this contention. The course of study to be pursued in the public schools of our state is prescribed either by statute or by the school authorities in pursuance thereof. These schools include not only elementary schools, but high schools as well, State v. O'Dell, supra. A parent, therefore, is not at liberty to exercise a choice in that regard, but, where not exempt for some lawful reason, must send his child to the school where instruction is provided suitable to its attainments as the school authorities may determine which under the facts found in the instant case is the township high school.

Appellant has cited Art. 1 §3 of the Constitution of this state, and has devoted a considerable part of his original brief and almost the whole of his reply brief, to a consideration of its application in the instant case, because the special finding of facts discloses that he holds certain religious convictions. However, he has not presented any constitutional question for determination, and has disavowed any attempt to do so by the use of the following language in his original brief: "We are not

claiming that the law is unconstitutional, or asking the court to even think about such a proposition." Under these circumstances no good could result from a consideration of anything said with reference to such constitutional provision, as it is evident that if the law in question is constitutional all persons must be held to be bound by it. We find no reversible error in the record.

Judgment affirmed.