INMAN *v.* STATE OF INDIANA.

[No. 28,076. Filed September 25, 1945.]

*Robert L. Mellen,* of Bedford, for appellant.

*James A. Emmert,* Attorney General and *Frank E. Coughlin,* First Assistant Attorney General, for the State.

YOUNG, J.—Appellant was charged by affidavit in three counts with (1) unlawfully taking possession and assuming control of a truck and driving and operating same without the consent of the owner, § 10-3011, Burns' 1933; (2) with unlawfully driving and operating this truck on a public highway in the city of Bedford, Indiana, while intoxicated, § 47-2001 (b), Burns' 1933; and (3) with resisting arrest, § 10-1005, Burns' 1933. No question of misjoinder of offenses is raised.

Upon trial the jury found him guilty on each count.

Motion for a new trial was overruled and this appeal was taken.

The motion for a new trial is based upon insufficient evidence to sustain conviction upon either count of the affidavit, and error is alleged as to each of 24 instructions given by the court upon its own motion.

No question is before us upon the instructions. Rule 1-7 of this court provides that no error with respect to the giving of instructions shall be available as a cause for a new trial or on appeal except upon specific objections made orally or in writing in the trial court before argument. No specific objection to any instruction was made by appellant and accordingly no error is now available upon the instructions.

Appellant's principle reliance is based upon alleged lack of evidence. There was abundant evidence to convince the jury that an employee of the Morgan Packing Company was returning to Austin, Indiana, in a truck, consisting of a tractor and trailer, with a load of glass containers, which he had picked up at Terre Haute. When he reached Bedford, Indiana, he parked his truck and visited two cafes, where he drank beer, and two women and two men joined him. One of these was the appellant. They decided to drive in the Morgan truck out to a roadhouse, six or eight miles from the city, and on the way to the truck stopped in a liquor store and purchased a bottle of whiskey and a bottle of gin, which they drank on the way out to the roadhouse. At the roadhouse they drank more beer and then drove back to Bedford. They parked the truck and all except appellant left the truck and the driver of the truck went into a restaurant for coffee and sandwiches. He left the ignition key in the ignition

lock. The appellant was intoxicated and was left sleeping on the seat of the truck when the rest of the party departed. When the driver of the truck left the restaurant his truck had disappeared from the place where he had left it. He reported to the police and went with two policemen in their car to search for the truck. They found it several blocks from the place he had left it. The motor was not running and the truck was "jackknifed" and the trailer was almost directly across the road, completely blocking it. The appellant was under the steering wheel, trying to start the motor. He said he was driving on to St. Louis. He was placed under arrest by the policemen and ordered to get out of the truck, which he refused to do. The policemen pulled him from the truck. He clung to the wheel and force was necessary. He fought with the policemen and kicked one of them and was beaten by the policemen. The driver of the truck testified that he had not given appellant permission to drive the truck and the policemen testified the driver was not intoxicated.

The State's case upon the first count of the affidavit depends upon circumstantial evidence. No one saw appellant drive the truck away. It is for the jury to weigh the evidence and consider the circumstances and determine defendant's guilt or innocence and if there is any substantial evidence to sustain the verdict this court will not substitute its judgment for that of the jury. There was substantial evidence that appellant was left in the truck and subsequently was found under the steering wheel of the truck several city blocks away from the place he was left, with the motor killed and the truck jack-knifed and blocking the highway and that he was trying to start the motor. In the light of these circumstances and appellant's statement to the police that he was driving to St. Louis, and his refusal

to leave the truck when told to do so by the police, and the fact that the driver reported the disappearance of the truck to the police, we can not say that the jury might not reasonably have concluded that appellant had driven the truck from the place where it was left to the place where it was found.

Appellant invokes the rule that in cases where circumstantial evidence is relied on the evidence must be such as to exclude every reasonable hypothesis of innocence. *Cavender* v. *State* (1890), 126 Ind. 47, 48, 25 N. E. 875; *Osbon* v. *State* (1937), 213 Ind. 413, 424, 13 N. E. (2d) 223; *Falk* v. *State* (1914), 182 Ind. 317, 321, 106 N. E. 354; *Robinson* v. *State* (1919), 188 Ind. 467, 471, 124 N. E. 489. However, it has been held that this rule is applicable to the trial court and not to the consideration of cases upon appeal in this court. *Wrassman* v. *State* (1921), 191 Ind. 399, 402, 132 N. E. 673; *Gears* v. *State* (1931), 203 Ind. 380, 394, 180 N. E. 585; *Rector* v. *State* (1937), 211 Ind. 483, 492, 493, 190 N. E. 172.

Appellant also contends that there was no evidence the truck belonged to the Morgan Packing Company. The driver of the truck testified that he was employed by the Morgan Packing Company and that the truck was the property of the Morgan Packing Company. In addition to that, appellant, himself, testified that he had formerly been employed by the Morgan Packing Company and that the truck was a Morgan truck. No objection was made to this testimony and no special issue on the question of ownership was suggested or intimated at the trial. Under the circumstances the testimony was sufficient to sustain the verdict on appeal.

On the question of appellant's intoxication there could have been no doubt under the evidence, and in our dis-

cussion of the first count we have held that there was substantial evidence that he drove the truck. Therefore, the verdict on the second count is sustained.

On the question of resisting an officer, there likewise could have been no doubt under the evidence. Appellant was placed under arrest and ordered to get out  of the truck. When he refused to do so the officers attempted to remove him. There was evidence that he fought and kicked and clung to the wheel and force was necessary. The amount of force used by the officers may have been more than necessary and may excite sympathy for appellant, but the fact remains that there was substantial evidence of resistance and that force was necessary.

There was substantial evidence to sustain the verdict upon each of the three counts and the judgment is affirmed.

Note.—Reported in 62 N. E. (2d) 627.