SHELBY v. STATE OF INDIANA.

[No. 28,746. Filed February 2, 1951.]

*Theodore Lockyear* and *John C. Bunner,* both of Evansville, for appellant.

*J. Emmett McManamon,* Attorney General; *George W. Hand* and *Walter O. Lewis,* Deputy Attorneys General, for appellee.

DRAPER, J.—Franklin Allen Shelby appeals from a judgment of the Vanderburgh Circuit Court convicting him of vehicle taking. The question presented is whether the evidence is sufficient to show that the

appellant took possession and assumed control of the 1940 Tudor Ford automobile which belonged to Harry E. Devasier, as alleged in the affidavit.

The evidence shows that Devasier was the owner of a 1940 Tudor Ford automobile on August 5, 1950. About eight o'clock that evening he parked it in front of a tavern on S.W. Second Street in Evansville. The car was stolen within ten minutes. Devasier recovered it later that night on the Waterworks Road while accompanied by officers Riney and Denton. The evidence does not disclose what time it was recovered.

About eleven o'clock the same night the appellant was operating a 1940 Tudor Ford automobile on the Waterworks Road. He sideswiped another automobile there and kept on going. The occupants of the other car "chased him down" and two of them held him while the third went for the sheriff. In response to a call about a wreck on the Waterworks Road, officers Riney and Denton went out there and found the appellant sitting under the wheel of a 1940 Tudor Ford automobile so intoxicated he could not talk. When Devasier recovered his car the left rear fender was torn, and the left front fender was damaged. The appellant himself did not testify.

There is no direct evidence that the car in which the appellant was found belonged to Devasier, nor do we think there is any evidence from which that fact could be logically inferred. There is no evidence whatever that the automobile in which the appellant was found answered the description of the Devasier car except that both were 1940 Tudor Ford automobiles. This court judicially knows there are thousands of such vehicles on the road. There is no evidence that the automobiles were the same color or that they were equipped with the same or similar accessories; that they carried the same license plate number;

that Devasier's car was recovered at or even near the point on the Waterworks Road where the appellant was apprehended; that the car recovered by Devasier was the same car in which the appellant was found; or even that there was only one accident involving a Ford Tudor automobile on Waterworks Road at about eleven o'clock that night. It is true that both left fenders of Devasier's car were damaged when the car was recovered, and the evidence shows that a 1940 Tudor Ford automobile being driven by the appellant was involved in an accident on the Waterworks Road that night. The evidence does not show, however, that the car the appellant was driving sustained damage to the left fenders in the accident or whether it was damaged at all, and considering the manner in which the cars involved in the accident came together, as shown by the evidence, it is difficult to see how the car the appellant was driving could have been damaged on the left side.

If the automobile which the appellant was operating, and in which he was found, belonged to Devasier, it seems to us it could have been proven without difficulty. Possession of stolen property by the defendant, under circumstances that would raise a presumption that the defendant stole the property where the charge was larceny, would certainly raise a like presumption where the charge is vehicle taking. *Rokvic* v. *State* (1924), 194 Ind. 450, 143 N. E. 357. See also *Inman* v. *State* (1945), 223 Ind. 500, 62 N. E. 2d 627.

But to sustain a charge of larceny, the evidence must show that the thing alleged to have been stolen was the property of the person named as its owner in the charge against the accused, since the name of the owner of the property stolen is a necessary part of the description of such property.

*Baker* v. *State* (1928), 200 Ind. 336, 163 N. E. 268; *Rhoades* v. *State* (1946), 224 Ind. 569, 70 N. E. 2d 27. We think the same rule must apply in cases like the one before us.

It is possible that the appellant is guilty as charged, but before we can sustain a conviction, we must be able to find evidence supporting the conclusion of guilt. It is not enough that evidence merely *tends* to support the conclusion of guilt; it must support it. *Martin* v. *The State* (1897), 148 Ind. 519, 47 N. E. 930. We have said that a trace of evidence is not enough. *Rhoades* v. *State, supra.* Especially must that be true where, as here, the record discloses that if the appellant were guilty, it could have been proven without difficulty.

Reversed and remanded with instructions to sustain motion for new trial.

NOTE.—Reported in 96 N. E. 2d 340.