ROGERS *v.* STATE OF INDIANA.

[No. 26,684.   Filed January 13, 1937.]

*T. Ernest Maholm,* for appellant.

*Philip Lutz, Jr.,* Attorney-General, and *Caleb J. Lindsey,* Assistant Attorney-General, for the State.

ROLL, J.—Appellant was charged by a grand jury indictment with the crime of kidnapping. There was a trial by a jury which returned a verdict of guilty as charged. Judgment was entered upon the verdict and appellant was sentenced to the Indiana State Prison for and during the period of his natural life. Appellant's motion for a new trial was overruled and he appealed. The motion for a new trial assigned reasons therefor, (1) the verdict of the jury is contrary to law, (2) the verdict of the jury is not sustained by sufficient evidence, (3), (4), and (11) relate to admission of alleged incompetent evidence, and reasons (5), (6), (7), (8), (9), and (10) relate to the giving and refusing of instructions to the jury.

Appellant assigns as error: (1) The overruling of the petition of appellant's counsel for permission to consult with appellant before arraignment, plea, and trial of appellant; (2) that the court erred in proceeding to trial and return of verdict, and rendering judgment in the absence of any arraignment and plea of appellant; and (3) the overruling of his motion for a new trial.

Appellant in his brief does not question the correctness of the instructions, and nowhere discusses them under his points and authorities. He therefore has waived any question relating to the correctness of the court's instructions.

The first proposition stated by appellant in his brief relates to his first assignment of error, to wit: That the court erred in overruling the petition of appellant's counsel for permission to consult with appellant.

The record shows that the officers chased appellant before his arrest, and in his attempt to elude the officers appellant fell and broke one of his legs. He was taken to the hospital and soon afterwards gangrene set in and on June the 8th appellant's limb was amputated. He was confined in the hospital from about the middle of April until about the eighth day of July. After that until his trial which began on September 16, 1935, appellant was confined in the Clark County Jail. Appellant's motion was filed on April 23, 1935, and was denied the same day. The record does not disclose why the court refused appellant's counsel permission to consult with his client, other than that the evidence does show that appellant was confined to the hospital and became very sick with gangrene. But the record as above stated shows that appellant after he was returned to the Clark County Jail had ample opportunity to consult with his attorneys before the trial in September, and made no objection to going to trial on the ground that he had had no opportunity to consult with his lawyers. The determination of this question was within the sound discretion of the trial court, and the record does not disclose an abuse of that discretion.

Appellant's second proposition relates to the fact that he was not arraigned and entered no plea. No objection was made by appellant to going to trial without arraignment or plea. He did not request the reading of the indictment before going to trial nor did he request the court to plead thereto. Acts 1927, ch. 132, §9, p. 411, §9-1201 Burns' Ind. St. Ann. 1933, §2211 Baldwin's 1934, provides in part as follows:

> ". . . Any conviction shall not be invalidated by failure of the record to show an arraignment and plea or either of them, unless the record shall show that the defendant before the trial objected to entering upon the trial for lack of such arraignment or plea."

Prior to the passage of the above amendment in 1927 an arraignment was necessary to a trial, unless waived, and a trial without such arraignment constituted reversible error. Since the passage of the above amendment arraignment and plea is not essential unless appellant objects to entering upon the trial without such arraignment and plea. The record does not disclose any such objection. In the second place such an alleged error should not be assigned as an independent assignment of error, but should be presented in his motion for a new trial, on the ground that the verdict is contrary to law. *Koscielski* v. *State* (1927), 199 Ind. 546, 158 N. E. 902; *Pritchard* v. *State* (1920), 190 Ind. 49, 127 N. E. 545.

Appellant's third and last proposition arises upon the evidence. We cannot consider this question for the reason the bill of exceptions containing the evidence is not in the record. The record shows that the bill of exceptions was signed by the trial judge on the 13th day of January, 1936, but there is no record which shows that the bill of exceptions was filed with the clerk after it was approved and signed by the judge.

It has been repeatedly held by this court that in order to bring a bill of exceptions into the record it must affirmatively appear by the record that such bill was filed with the clerk after it was signed by the judge, and such filing cannot be shown by recitals in the bill itself nor by the file mark by the clerk thereon. Sec. 9-2103 Burns' Ann. St. 1933, §2315 Baldwin's 1934; *Stewart* v. *State* (1888), 113 Ind. 505, 16 N. E. 186; Ewbank's Indiana Criminal Law (2d Ed.), §718, and cases there cited.

No reversible error appearing, the judgment is affirmed.