FLOWERS *v.* STATE OF INDIANA.

[No. 27,815. Filed April 30, 1943. Rehearing denied May 20, 1943.]

*Allen & Allen,* of South Bend, for appellant.

*James A. Emmert,* Attorney General, and *Frank E. Coughlin,* Deputy Attorney General, for the State.

SHAKE, J.—The appellant was found guilty by the court, without a jury, on the first of three (3) counts of an affidavit. The charges were (1) incest upon the appellant's daughter; (2) the rape of said female, and (3) incest, in which the female was alleged to have been the stepdaughter of the appellant. There was an acquittal on the second and third counts. The second count charged that the female was thirteen years of age when the alleged offense was committed, and the undisputed evidence disclosed that she was the appellant's daughter and was fourteen years old at the time of the trial. In view of the relationship of the parties the acquittal on the third count is, therefore, readily understood.

The appellant urges that there is a fatal inconsistency in the finding of guilty on the charge of incest and the acquittal on the charge of rape. It is urged that the judgment cannot stand because manifestly the appellant was guilty of both offenses or neither. This conclusion is based upon the fact that sexual intercourse

is an essential element of incest and that such a relationship with a female under the age of sixteen years constitutes rape. §§ 10-4206, 10-4201, Burns' 1942 Replacement, § 2577, Baldwin's 1934, § 2421-1, Baldwin's Supp. 1941.

Our attention is directed to the case of *People* v. *Andursky* (1925), 75 Cal. App. 16, 241 P. 591. That case lends support to the appellant's view and others might be cited to like effect, but we do not consider this line of decisions to be in harmony with the weight of authority or the precedents of this jurisdiction.

The better rule appears to be that declared by Mr. Justice Holmes in *Dunn* v. *United States* (1932), 284 U. S. 390, 76 L. Ed. 356, 52 S. Ct. 189, 80 A. L. R. 161, where it was declared:

> "Consistency in the verdict is not necessary. Each count in an indictment is regarded as if it was a separate indictment. . . . Where the offenses are separately charged in the counts of a single indictment the same rule must hold. . . .
> "That the verdict may have been the result of a compromise, or of a mistake on the part of the jury, is possible. But verdicts cannot be upset by speculation or inquiry into such matters."

The Dunn case cites with approval *Steckler* v. *United States* (C. C. A. 2d), 7 F. (2d) 59, 60, where it was said:

> "The most that can be said in such cases is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt. We interpret the acquittal as no more than their assumption of a power which they had no right to exercise, but to which they were disposed through lenity."

It may be noted that the appellant's conviction of incest carried a maximum penalty of imprisonment for

not less than two nor more than twenty-one years (§ 10-4206, Burns' 1942 Replacement), while the statute defining the crime of rape, in force when the alleged offense was committed, imposed a minimum penalty of imprisonment for not less than five nor more than twenty-one years. § 10-4201, Burns' 1933. This may explain, though it would not justify, the appellant's acquittal of rape.

The case of *Sichick* v. *State* (1929), 89 Ind. App. 132, 135, 136, 166 N. E. 14, 15, decided when the Appellate Court had jurisdiction of certain appeals arising out of criminal cases, is precisely in point. The concluding words of that opinion are as follows:

"A review of the evidence discloses the appellant guilty of maintaining a nuisance; also the evidence would have sustained a conviction of the offense charged in either the first or second count or both of them. The jury, for some unaccountable reason, found the defendant guilty on the third count and was silent as to the other counts. The appellant is in no position to complain. The verdict was more favorable than he had a right to expect under the evidence. No technical deduction should be allowed to defeat the ends of justice. The verdict was not inconsistent or repugnant and was supported by convincing evidence."

Numerous claims of error are asserted with respect to the admission and exclusion of evidence. These propositions may not be considered on account of the appellant's complete failure to comply with the recognized procedure. The assignments of the motion for a new trial relating to the admissibility of evidence did not set out the questions, objections, answers, and rulings or the substance thereof. *Brown* v. *State* (1939), 216 Ind. 106, 23 N. E. (2d) 267; *Deming Hotel Co.* v. *Sisson* (1940), 216 Ind. 587, 24

N. E. (2d) 912; *Wise* v. *Curdes* (1942), 219 Ind. 606, 40 N. E. (2d) 122.

During the trial the court called the attention of the defendant (appellant) to the fact that he had entered no plea to the first and second counts of the affidavit. When this was done the defendant's counsel replied that: "He went to trial on the entire affidavit, which would include counts one and two." A statute of this State provides that:

> "Any conviction shall not be invalidated by failure of the record to show an arraignment and plea or either of them, unless the record shall show that the defendant before the trial objected to entering upon the trial for lack of such arraignment or plea." § 9-1201, Burns' 1942 Replacement, § 2211, Baldwin's 1934.

Since the passage of this statute failure to arraign the defendant and have a plea entered is not ground for reversal, unless the defendant made objection to going to trial without an arraignment or plea. *Rogers* v. *State* (1937), 211 Ind. 47, 5 N. E. (2d) 509.

When the evidence, including that to which the appellant unsuccessfully objected, is considered the decision is amply supported by the proof.

Judgment is affirmed.

NOTE.—Reported in 48 N. E. (2d) 56.