INGRAM *v.* STATE OF INDIANA.

[No. 28,684. Filed June 21, 1951. Rehearing denied October 30, 1951.]

26

C. *James McLemore,* of Indianapolis, for appellant.

*J. Emmett McManamon,* Attorney General; *Charles F. O'Connor* and *Merl M. Wall,* Deputy Attorneys General, for appellee.

EMMERT, J.—The appellant was prosecuted in the trial court for the offenses of robbery and automobile banditry under an affidavit in two counts. The jury returned a verdict of guilty under both counts, and the appellant was sentenced to a term of not less than 10 nor more than 25 years for robbery, and a term of 12 years for automobile banditry, from which judgment he now appeals.

When the evidence is viewed most favorably to the state, the jury could properly find that the appellant, who was 6 feet, 7 inches tall, had worked for Edward W. Wiegand and Frank Antrobus, who were partners doing business as the Irvington Service Center, located at 5704 East Washington

Street, Indianapolis, as a filling station attendant taking care of gasoline, oil and tire service for cars that stopped there, for a period of eight or nine months, but his employment was discontinued for some months prior to the robbery. About five weeks before the robbery, appellant stopped twice in the early morning, at the Irvington Service Center, and had conversations with the witness William H. Hollenbeck, who was then in charge of the filling station, and told him he used to work at the filling station, and to be sure to tell Eddie, meaning Edward W. Wiegand, "That Big John was in." About midnight the night of the robbery the witness, Harold K. Dietz, was sitting in his automobile near the northeast corner of Illinois and Market Streets, when appellant and a man whose name was unknown to Dietz, got in his car for a visit. The three went to a drive-in east of the city where they ate. Then they drove west on Washington Street and Dietz parked his car on the northeast corner of Audubon and Washington Streets and remained with the car. Appellant and the other man got out and held up the witness Hollenbeck with a revolver, and took $104.00 in money from the cash register which they broke open in the front office. They bound Hollenbeck with some small rubber hose, and started an Oldsmobile in the garage, in which they drove out a door they had opened, and thence east on Washington Street. Two policemen of the City of Indianapolis had noticed Dietz parked in his car, and arrested him. In a glove compartment in the Dietz car the officers found a billfold which contained a taxicab license issued to the appellant which had his picture on it. Both Dietz and Hollenbeck identified the appellant as one of the robbers. The police went to appellant's home at 1200 West New York Street, but failed to find him there. Later the same day he came to police headquarters and stated

he understood he was being looked for, and was there arrested. There was ample evidence to sustain the finding of guilty as to each count, and the verdict was not contrary to law.

Appellant complains that the use of the witness Harold K. Dietz by the State, constituted a denial of a fair and impartial trial in violation of the state Constitution and the Fourteenth Amendment of the federal Constitution. No citation of authority is given to sustain this position. It did not conclusively appear from the evidence that Dietz was an accomplice, but assuming that he was, it is well settled that under the third clause of §9-1603, Burns' 1942 Replacement, an accomplice is competent to testify, and a conviction may be had on the uncorroborated testimony of an accomplice alone. *Hermann* v. *State* (1930), 201 Ind. 601, 170 N. E. 786; *Pleak* v. *State* (1929), 201 Ind. 274, 167 N. E. 524; *Adams* v. *State* (1923), 194 Ind. 512, 141 N. E. 460; *Payne* v. *State* (1924), 194 Ind. 365, 142 N. E. 651; Ewbank, *Criminal Law* (2d Ed.), §502. Moreover, Dietz's testimony as to the robbery was corroborated by Hollenbeck.

There was no error in proceeding to trial even though the record fails to show arraignment of the defendant and a plea of not guilty by him. Section 9-1201, Burns' 1942 Replacement, provides in part that, "Any conviction shall not be invalidated by failure of the record to show an arraignment and plea or either of them, unless the record shall show that the defendant before the trial objected to entering upon the trial for lack of such arraignment or plea." No such objection was made here. "Since the passage of the above amendment arraignment and plea is not essential unless appellant objects to entering upon the trial without such arraignment and plea." *Rogers* v.

*State* (1937), 211 Ind. 47, 50, 5 N. E. 2d 509. Where an accused proceeds to trial without objection, the effect of the statute is to put in the record a plea of not guilty for him.

There is no substance to the appellant's contention that he was denied adequate and effective representation by counsel as guaranteed by §13 of Article 1 of the Constitution of Indiana and the Fourteenth Amendment of the federal Constitution. On December 29, 1948, appellant by counsel filed a motion for continuance which was granted by the court. On March 24, 1949, appellant filed a motion showing that he had employed other counsel and prayed a continuance which was granted. On June 15, 1949, appellant joined in filing a request for a jury trial, which was granted, and the cause was again continued. On October 28, 1949, appellant came in open court in person and appeared by William Zilson, Public Defender, and stated to the court that he had arranged for representation by counsel other than the Public Defender, and requested the trial, which was set for that date, be again continued, which was done. On December 12, 1949, the appellant came in court in person and appeared by John O. Lewis and William Zilson, Public Defenders, and the cause was set for trial January 16, 1950, and the mother of appellant advised the court that she expected to be able to employ other counsel to represent her son. The record of the proceedings that day is in part as follows: "and is [it] appearing to the court that said defendant and/or his said mother has heretofore employed or attempted to employ five members of the Bar of said Court to represent her son but has been unable to pay for their services; said defendant and his mother are now informed by the court that said Public Defenders will defend her son witnout [without] charge but that, if she desires to employ

counsel who can and will represent the defendant upon his trial on the date above stated, such counsel should be employed." On December 29, 1949, the court reappointed John O. Lewis and William Zilson as Public Defenders to represent him. At this time an affidavit for change of venue from the judge was filed and granted. The record states that on January 16, 1950, appellant came in court in person and appeared by C. James McLemore and Thurl C. Rhodes, who entered their appearance, "And said defendant, John M. Ingram, by his said counsel, now advises the court that said defendant is ready for trial; and said defendant by his said counsel now request leave to file a 'Notice of Alibi'; and leave to file such notice is now granted with the consent of said Deputy Prosecuting Attorneys; . . ."[1] On this date the jury was selected and impaneled and the court indicated the instructions it proposed to give to the jury on the issues for trial, the burden of proof, the credibility of witnesses, and the manner of weighing the testimony, as required by Rule 1-7A of the Supreme Court. On motion of the state and defendant the trial of the cause was recessed until 9:30 o'clock the following day, when the court gave its preliminary instructions to the jury as indicated, the opening statements were made and the evidence heard.

On January 12, 1950, the court ordered one Robert Chastain brought from the Indiana Reformatory in

---

[1] The Notice of Alibi states the defendant was at the York Hotel, Indianapolis, Indiana, at the time of the alleged offense. The defendant as a witness denied being at the scene of the robbery, but never stated where he was and never stated he was at the York Hotel at any time, nor was there any other evidence introduced in his behalf as to where he was at the time of the robbery.

custody and produced in court to testify for appellant. Counsel for appellant now states that appellant was prejudiced because trial counsel did not learn this witness was available. The motion for a new trial states nothing about this witness, and it did not raise any issue under the eighth clause of §9-1903, Burns' 1942 Replacement, which provides for the granting of a new trial for "Newly-discovered evidence, material for the defendant, which he could not, with reasonable diligence, have discovered and produced at the trial." The trial court ordered appellant returned for hearing on his motion for new trial, but even at this hearing there was no showing made as to how failure to call this witness prejudiced appellant. At no place in the record is it stated what this prisoner would have testified to if he had been a witness, or that failure to be called as a witness in behalf of appellant was not due to any lack of diligence on the part of appellant.

The trial court gave the appellant ample opportunity to obtain the services of a lawyer employed by him or his friends, and in view of the many continuances granted, and especially the trial judge's statement in open court on December 12th to appellant and his mother about employing counsel of their own choice, there was no denial of due process of law by reason of the court's failure to grant the appellant a fair and reasonable opportunity to secure counsel of his own choice within the rule laid down in *Powell* v. *Alabama* (1932), 287 U. S. 45, 53 S. Ct. 55, 77 L. Ed. 158. When the case was called for trial counsel for appellant stated they were ready for trial, but even after the jury was impaneled, the evidence was not submitted to the jury until the following day. See *Hansbrough* v. *State* (1950), 228 Ind. 688, 94 N. E. 2d 534. Appellant makes no contention his coun-

sel were incompetent to represent him, and it must be presumed under the record in this case that counsel had ample opportunity for conference with him, and to obtain his statement of the facts and ascertain what witnesses, if any, should be called. There was no duty on the trial court on its own motion to order another continuance.

Judgment affirmed.

NOTE.—Reported in 99 N. E. 2d 410.