GULLETT *v.* STATE OF INDIANA.

[No. 29,024. Filed December 22, 1953.]

 

*Allen E. Goltra,* of Columbus, for appellant.

*Edwin K. Steers,* Attorney General, and *Carl Humble,* Deputy Attorney General, for appellee.

EMMERT, J.—This appeal involves the right of the state to amend an affidavit after the jury had been impaneled and sworn to try the cause and after the court had instructed the jury in writing pursuant to Rule 1-7A. Other amendments had been made prior to the time of trial, but these are not questioned by appellant's assignment of errors.

The amended affidavit, set out in the note below,[1] at the time of the beginning of the trial, charged appellant with violation of §10-3011, Burns' 1942 Replacement.[2]

The record does not disclose that the appellant had been arraigned upon the amended affidavit at the time the jury was impaneled to try the cause, and over the objection of appellant the court permitted each count to be amended by changing the name of the owner of the car from "Robert Grindle" to "Mary Louise Grindle."

---

(1.) "Robert Konkle being duly sworn, upon oath says that he is informed and believes that on or about the 7th day of August, 1952, at and in the County of Bartholomew and State of Indiana, one Jack Gullett did then and there unlawfully and feloniously take possession and assume control of a vehicle, to-wit: a explosive power operated Nash Rambler Station Wagon, the property of Robert Grindle of the value of $900.00 and did then and there unlawfully and feloniously use, drive, run and operate said above described vehicle without first procuring the consent of the said owner thereof,

COUNT 2.

Accompanying With Knowledge

Robert Konkle being duly sworn, upon oath, says that he is informed and believes that on or about the 7th day of August, 1952, at and in the County of Bartholomew and State of Indiana, one Jack Gullett, did then and there unlawfully accompany Roy Romine, Jr., while he the said Roy Romine, Jr., unlawfully took possession and assumed control, and did use, run and operate said vehicle, to-wit: a explosive power operated Nash Rambler Station Wagon, the property of Robert Grindle of the value of $900.00 with the knowledge that the possession and the control of said vehicle by the said Roy Romine, Jr., so using, driving, running or operating the same is without the consent of the owner thereof contrary to the form of the Statutes in such cases made and provided, and against the peace and dignity of the State of Indiana."

(2.) "Whoever takes possession or assumes control of any vehicle of any character whatsoever, which vehicle is the property of another, and uses, drives, runs, or operates such vehicle without first procuring the consent of the owner thereof, or whoever accompanies any person or persons while unlawfully using, driving, running, or operating any vehicle, as above defined, with the knowledge that the possession and the control of the vehicle by the person or persons so using, driving, running, or operating the same is without the consent of the owner thereof, shall be guilty of vehicle taking and, on conviction thereof . . ." Section 10-3011, Burns' 1942 Replacement.

The swearing of the jury to try the cause is the beginning of the trial and the time at which jeopardy attaches. *Maddox* v. *State* (1951), 230 Ind. 92, 100, 102 N. E. 2d 225; *Hunnel* v. *State* (1882), 86 Ind. 431, 434; *Joy* v. *State* (1860), 14 Ind. 139; Ewbank, Indiana Criminal Law (2d Ed.) §225, p. 135. Under §9-1201, Burns' 1942 Replacement, " 'Where an accused proceeds to trial without objection, the effect of the statute is to put in the record a plea of not guilty for him.' *Ingram* v. *State* (1951), 230 Ind. 25, 30, 99 N. E. 2d 410, 411. See also *Rogers* v. *State* (1937), 211 Ind. 47, 5 N. E. 2d 509; *Flowers* v. *State* (1943), 221 Ind. 448, 48 N. E. 2d 56." *Harvey* v. *State* (1953), 232 Ind. 574, 114 N. E. 2d 457.

In *State ex rel Kaufman* v. *Gould* (1951), 229 Ind. 288, 291, 98 N. E. 2d 184, we construed §§9-1124 and 9-1133, Burns' 1942 Replacement,[3] and said: "This court has held in numerous cases that, after a defendant pleads to a criminal charge, the state cannot amend the affidavit as to matter of substance. *Rogers* v. *State* (1948), 226 Ind. 539, 82 N. E. 2d 89; *Way* v. *State* (1946), 224 Ind. 280, 66 N. E. 2d 608." See also *Dennis* v. *State* (1952), 230 Ind. 210, 213, 102 N. E. 2d 650.

" 'Substance' is that which is essential to the making of a valid charge of crime." *Souerdike* v. *State* (1951), 230 Ind. 192, 196, 102 N. E. 2d 367. "The names of third persons who are only incidentally or collaterally connected with the offense charged

(3.) "The affidavit may be amended in matter of substance or form at any time before the defendant pleads. When the affidavit is amended, it shall be sworn to. No amendment of the affidavit shall cause any delay of the trial, unless for good cause shown." Section 9-1124, Burns' 1942 Replacement.

"The court may at any time before, during or after the trial amend the indictment or affidavit in respect to any defect, imperfection or omission in form, provided no change is made in the name or identity of the defendant or defendants or of the crime sought to be charged." Section 9-1133, Burns' 1942 Replacement.

against an accused need not be stated in an affidavit or indictment. *State* v. *Hopper* (1892), 133 Ind. 460, 32 N. E. 878; Joyce on Indictments, 2d Ed., §438. But as a general rule the name of one injured in his person or property, by the act of the accused, or the name of one whose identity is essential to a proper description of the offense charged should be alleged if known, and if unknown the fact should be alleged. Ibid. §432; 42 C.J.S. Indictments and Informations, §142." *Robinson* v. *State* (1953), 232 Ind. 396, 112 N. E. 2d 861, 862. It is quite evident that §10-3011, Burns' 1942 Replacement, defining the offense of vehicle taking requires the state to allege and prove that the vehicle used, driven, run or operated was "the property of another." This is a material and essential allegation of substance the same as the ownership of property which is stolen. "The ownership of property stolen is a material allegation descriptive of the offense. *Shelby* v. *State* (1951), 229 Ind. 186, 96 N. E. 2d 340; *Rhoades* v. *State* (1946), 224 Ind. 569, 70 N. E. 2d 27." *State ex rel. Kaufman* v. *Gould* (1951), 229 Ind. 288, 291, 98 N. E. 2d 184, *supra*. Therefore, it was error to permit the state to amend each count of the amended affidavit by changing the name of the ownership of the automobile involved.

Judgment reversed with instructions to the trial court to sustain appellant's motion for a new trial.

NOTE.—Reported in 116 N. E. 2d 234.