LOCAL 135, ETC. ET AL. *v.* KOEHLER D/B/A
KOEHLER'S WHOLESALE RESTAURANT SUPPLY

[No. 19,186. Filed December 14, 1959.]

*Edward J. Fillenwarth,* of Indianapolis, for appellant.

*John Raikos,* of Indianapolis, for appellee.

SMITH, J.—This action involves an appeal from an Interlocutory Order of the Superior Court of Marion County, Indiana, Room Number Three, in which the trial court issued an interlocutory order in the form of a temporary injunction in favor of the appellees and enjoined *all* picketing of appellee's premises by the appellants.

On September 24, 1957, the appellee filed a complaint for an injunction to prohibit the appellants from picketing appellee's premises. The complaint prayed for a restraining order without notice, a temporary injunction and a permanent injunction against the appellants.

The complaint alleged, in substance, that the appellee operates a wholesale restaurant supply business located at 2540 East 10th Street in the City of Indianapolis, Indiana. That the appellant, Local No. 135, International Brotherhood of Teamsters, Chauffeurs, Ware-

housemen, Helpers of America, AFL-CIO, is a labor union, and that said labor union has officers and agents who transact business for and on its behalf. That the appellant, Leo Bauer, is a member and business representative of said Labor Union. That on or about the 24th day of September, 1957, the appellant Labor Union attempted to coerce the employees of the appellee and the appellee into designating its said organization as a bargaining agent for said employees by picketing appellee's place of business and attempted to cause unrest among said employees. That the appellant Labor Union thereupon began, and has since, continued to picket appellee's premises by causing its agents to send pickets to and fro on the sidewalk and in the public way of appellee's premises, said pickets wearing a sign which reads substantially as follows:

> Koehler's Wholesale Restaurant
> Supply is being picketed because
> it laid off 4 employees for
> union activities. Teamsters
> Local No. 135, 1233 Shelby Street.

That said sign is of the type commonly used by striking employees and is designed to convey to the public and to appellee's customers the idea that the appellees refuse employment to and discriminates against members of said union, which implication is false and operates as a fraud upon appellee, its employees and the public. That there has been no strike at appellee's premises; that appellee is at peace with its employees; that none of them belong or want to belong to said Labor Union and that said picketing is for the sole purpose of compelling appellee, against the desires of its employees, to sign a contract with the appellant Labor Union whereby the employees of the appellee will be represented by said appellant Labor Union against their will

and contrary to the public policy of the State of Indiana. That appellee has been and will be harassed and annoyed by said picketing and that a disturbing and notorious situation has been and is being created in front of appellee's premises which interferes with and diminishes appellee's business. That said picketing and threatened picketing, unless restrained, will continue to the great damage and irreparable injury of appellee, for which there is no adequate remedy at law.

On September 24, 1957, the trial court entered of record "Special Findings of Fact and Conclusions of Law" and immediately thereupon issued a restraining order without notice in favor of the appellee and against the appellants. On the same date a copy of said restraining order was served by the Sheriff of Marion County upon appellant, Leo Bauer, as an official representative of the Labor Union. On September 27, 1957, the appellants served upon the appellee and filed with the court a notice to appellee of a verified motion to produce books and records; and also on the same date, the appellants served upon the appellee and filed with the court a verified motion to have appellees produce certain books and records. Said verified motion was never ruled upon by the court. Thereafter, on March 10, 1957, the appellee's petition for temporary injunction was submitted to the court, evidence was heard, and the cause was continued for special findings of fact and conclusions of law; and on March 17, 1958, the trial court entered its special findings of fact and conclusions of law.

In substance the court, in its special findings of fact and conclusions of law, found and concluded that the court had jurisdiction of both parties and the subject matter of the action. That the appellee was at peace with all of its employees and that no "labor dispute"

existed by and between the appellants and appellee. That the object and purpose of the picketing by the appellants of appellee's premises is such that will result in substantial and irreparable injury to appellee's business and property and is such as to constitute an unlawful economic coercion upon the premises of the appellee.

In accordance with the special findings of fact and conclusions of law the court entered the following judgment:

"1. That the Temporary Restraining Order Without Notice heretofore issued on September 24, 1957, is hereby continued.

"2. That the plaintiff's application for a temporary injunction be and the same is hereby granted.

"3. That the plaintiff recover of and from the defendants their costs herein expended."

From this judgment this appeal is taken. The only error assigned was that the trial court erred in granting a temporary injunction to the appellee.

The case at hand involves organizational picketing by the appellants. One of the questions to be determined in the disposition of this appeal is whether or not, at the time of the granting of the temporary injunction herein, an actual "labor dispute" existed.

In 1956, in the Marion County Superior Court, Room Number One, an action was filed by Koehler d/b/a Koehler's Wholesale Restaurant Supply v. Darrell Blackburn, et al. as representatives of the Teamsters Union wherein the plaintiff sought an injunction to enjoin and restrain the defendants from picketing the premises of the plaintiff. The Teamsters Union therein named was the same Teamsters Union as the appellant

Labor Union in the present action. A temporary injunction was granted by the trial court in which the defendants were restrained and enjoined from picketing the premises of the plaintiff until an election could be held by non-management employees of the plaintiff. There was an appeal from this judgment, and this Court, in the case of *Blackburn et al.* v. *Koehler, etc.* (1957), 127 Ind. App. 397, 140 N. E. 2d 763, reversed the judgment of the trial court on the theory that the trial court issued a restraining order and granted a temporary injunction without making findings of fact in either said restraining order or the temporary injunction prior to the issuance of the order granting the temporary injunction. Said cause of action was still pending in the Marion County Superior Court, Room Number One, at the time of the institution of these proceedings.

It is the contention of the appellants that the facts in the case at bar clearly indicate that the "labor dispute" involved herein was nothing more or less than a continuance of the "labor dispute" that existed in 1956, which was the matter in controversy in the *Blackburn* case. In the *Blackburn case, supra,* this Court specifically found that at the time of the picketing in February of 1956, there was a "labor dispute" involved. In deciding the issue of whether or not a "labor dispute" was involved, this Court said the following:

"It is apparent from Paragraph Three of the order entered by the trial court of February 21, 1956, wherein the trial court ordered an election, that there was a labor dispute as defined by §40-513 Burns' 1952 Replacement. As this Court has set forth in the case of *Murrin* v. *Cook Bros. Dairy* (1956), 127 Ind. App. 23, 138 N. E. 2d 907:

'The term "labor dispute" includes any controversy concerning terms or conditions of em-

ployment, or concerning the association or representation of persons in negotiating, fixing, maintaining, changing or seeking to arrange terms or conditions of employment, regardless of whether or not the disputants stand in the proximate relation of employer and employee.' §40-513 Burns' 1952 Replacement."

To support this contention and in an effort to establish the fact that a "labor dispute" existed at the time of the institution of these proceedings, the appellants sought to submit evidence tending to disclose the following facts, circumstances and conditions:

1. The fact that the original picketing of 1956 involved the discharge by the appellee of four of its employees; and that the issue of an election was involved.

2. The fact that on February 17, 1956, a hearing was commenced in the Marion County Superior Court, Room Number One, on an application for a temporary injunction, and on February 21, 1956, the trial court entered a temporary injunction against the picketing of the Koehler's Wholesale Restaurant Supply Company by the Labor Union.

3. The fact that the Labor Union perfected an appeal to this Court and on March 12, 1957, this Court found the trial court had committed error and thereupon reversed the judgment of the trial court.

4. The fact that the appellee petitioned for a rehearing which was denied; and that on April 24, 1957, the appellee filed a petition to transfer the cause to the Supreme Court of Indiana, which petition was denied.

5. The fact that on various occasions since the denial of the petition to transfer the appellant Labor Union made various efforts to resolve the "labor dispute."

6. The fact that the Koehler Wholesale Restaurant Supply Company, or its representatives,

have failed and refused to take a definite position with respect to the offer of settlement of the Labor Union and failed to either accept or reject the offer on the part of the Labor Union to settle the "labor dispute."

The trial court refused to admit into the record any of the above evidence; and the trial court in ruling upon the admissibility of such evidence had this to say:

"I think it is about time for the court to point out that in regard to all these matters that defendants' counsel has attempted to bring in concerning the 1956 picketing, that you made your statement in your opening argument that there was litigation on that matter and it went to the Appellate Court and a final decision was rendered by the Appellate Court. There is also evidence that the parties to that action are different from the parties in this action. *Therefore, I can see no relevancy between what happened then and what happened now, and so far as I am concerned the attempt to use the events that occurred in that litigation as a basis for the events that precipitated this litigation are too remote and not connected and, therefore, have no proper place as pertinent evidence in this proceeding.*" (Our emphasis.)

It is our opinion, that although it appears that the appellee apparently attempted to abandon their original cause of action filed in Marion County Superior Court, Room Number One, and instituted this action, the "labor dispute" involved herein was, in fact, nothing more or less than a projection of the "labor dispute" involved in the original action which was pending at the time of the institution of this action.

The question now presented is whether or not the court erred in its refusal to hear evidence relative to the "labor dispute" that existed in 1956.

The appellants urge that they should have been permitted to introduce evidence as to the "labor dispute"

which occurred in February of 1956, if, for no other reason, than to enable the trial court to determine from a reasonable standpoint as to whether the evidence involving the "labor dispute" in February of 1956 was actually too remote, or whether in truth, it all sprang out of and continues to be an extension of the original dispute. The appellants further urge that the trial court did not take a reasonable position in this matter, but proceeded as a matter of law, to exclude any and all evidence as to the facts involved in the "labor dispute" of February, 1956.

The appellants propose what seems to be a most effective, logical and realistic reason for the reversal of the trial court's decision in refusing to admit into the record evidence concerning the "labor dispute" which occurred in 1956. They contend that if the trial court is correct, that, as a matter of law, any evidence involved in the picketing of February of 1956 would be too remote and therefore immaterial and irrelevant in the hearing involving the picketing of September, 1957, then, in any case, all that would have to be done to effectively stop all picketing forever is just what was done in this case, to-wit: A trial court could issue an injunction against picketing; the union could take an appeal; the court of appeals could reverse the lower court; as a result of the reversal of the trial court the appellant could resume the picketing; an action could be instituted to enjoin the picketing; the trial court could exclude all evidence involving the picketing on the theory such was too remote; and thereby cleverly and effectively the appellee could hide behind its original error. In pursuing this contention further the appellant says that if the trial court's unreasonable position is tenable, then whenever a case is reversed on appeal, it would have to be held, as a matter of law,

that none of the evidence in the case that was appealed would be admissible at the time of the second trial. In short, there would be no advantage or reason, or sense of an appeal because should an appellant win his appeal he would still lose, for according to the trial court in the case at bar, all the facts and evidence originally involved would be too remote.

While not directly presented by the appellants as a ground for the reversal of this judgment, it appears to us that the controlling and pertinent issue to be decided is the question whether or not the trial court, in refusing to hear and consider evidence concerning the "labor dispute" which occurred in 1956, abused its discretion.

It is a well recognized rule of law that the granting of an injunction by a trial court rests in the "sound discretion" of the court and the granting by a trial court of an injunction should be upheld unless it clearly appears that the court has abused such discretion. In the case of *Guraly* v. *Tenta et al.* (1956), 126 Ind. App. 527, 132 N. E. 2d 725, this Court said:

> "The equitable remedy of specific performance is not available as a matter of right . . . , but rests in the sole discretion of the court. . . . Such judicial discretion is not an arbitrary one but is governed by and conforms to the well established rules of equity. . . . An abuse of discretion, reviewable on appeal, is an erroneous conclusion and judgment, one clearly against the logic and effect of the facts before the court or against reasonable, probable and actual deductions to be drawn therefrom. *Bailin* v. *Bailin* (1944), 233 Ind. 7, 57 N. E. 2d 436."

We believe that it was proper for the appellant to establish facts tending to show that the present situa-

tion is the direct outgrowth of a "labor dispute" which was involved in the *Blackburn case, supra,* which case was pending in the Marion County Superior Court, Room Number One, at the time the case at bar was instituted; and that the court erred in foreclosing the right of the appellant to produce such evidence. We further believe that such action on the part of the trial court was an abuse of its judicial discretion and that the position of the court in this regard was "an erroneous conclusion and judgment, one clearly against the logic and effect of the facts before the court or against reasonable, probable and actual deductions to be drawn therefrom." It is our opinion that the trial court, in refusing the admission of evidence relative to the "labor dispute" of 1956, did not exercise sound discretion and such action on the part of the trial court clearly indicates an abuse of its discretion.

There are other issues involved in this appeal which we do not deem it necessary to decide in the light of what we already have said.

Judgment reversed.

Bierly, P. J., Kelley and Gonas, JJ., concurring.

NOTE.—Reported in 162 N. E. 2d 704.