Timothy A. EVANS,
Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 1–179A25.

Court of Appeals of Indiana,
First District.

Aug. 28, 1979.

Harriette Bailey Conn, Public Defender, David P. Freund and Marcia L. Dumond, Deputy Public Defenders, Indianapolis, for defendant-appellant.

Theodore L. Sendak, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

LOWDERMILK, Presiding Judge.

### STATEMENT OF THE CASE

Defendant Timothy A. Evans was convicted in the Clay Circuit Court of theft under Ind.Code 35–43–4–2 (Supp.1978). He brings this appeal, challenging (1) the validity of the amended information by which he was charged, and (2) the length of the sentence imposed upon him.

We affirm.

### FACTS

On June 21, 1978, the Baysinger Machine Shop in Brazil, Indiana was broken into, and tools owned by David Stinson were taken from the shop. An information was filed on June 22, 1978, charging Timothy A. Evans in Count One with burglary under Ind.Code 35–43–2–1 (Supp.1978) and in Count Two with theft under Ind.Code 35–43–4–2 (Supp.1978). It was alleged that

Evans had broken into the Baysinger Machine Shop and had taken tools belonging to the shop. On June 30, Evans was arraigned, and he pled not guilty to both counts of the information. The Clay Circuit Court permitted the State to amend Count Two on August 16, over Evans' objection. The amendment substituted "David Stinson" for "Baysinger Machine Shop" as the party whose tools Evans had allegedly taken. Stinson was shop manager at the Baysinger Machine Shop.

On August 17, 1978, Evans filed a motion for continuance under Ind.Rules of Procedure, Trial Rule 53.4. The grounds alleged in support of the motion dealt with the involvement of Evans' counsel, the Clay County Public Defender, in other trials and his absence from the county in the immediate past. On August 21, the trial court sustained the motion and reset the trial date from August 24 to August 31.

On September 1, 1978, a jury found Evans not guilty of burglary but guilty of theft. The trial court sentenced Evans to prison for four years on September 15. Evans timely filed his motion to correct errors, and he now appeals the overruling of that motion by the Clay Circuit Court.

### ISSUES

1. Whether or not the trial court committed reversible error in permitting the State to amend the information after Evans had entered his plea.

2. Whether or not the sentence imposed upon Evans was excessive as a matter of law.

### DISCUSSION AND DECISION

*Issue One* -

■ Evans cites Ind.Code 35–3.1–1–5(b) and (e) (Supp.1978) for the proposition that the State may amend an information as of right with regard to any matter prior to the arraignment and plea, but after the arraignment and plea, the information may only be amended as to matters of form and not as to matters of substance. He also cites three cases, *Jeffers v. State*, (1953) 232

Ind. 650, 114 N.E.2d 880; *Mentzer v. State*, (1973) 156 Ind.App. 291, 296 N.E.2d 134; and *Johnson v. State*, (1972) 258 Ind. 383, 281 N.E.2d 473, in support of the following principles:

"It has been held that if an amendment is of the essence of the offense charged and alters the information in a material respect, or affects the substantial rights of the defendant, or if a defense under the information as originally written would not be equally available after the amendment has been made, or if any evidence the accused might have would not be equally applicable to the information as amended, the amendment is one of substance, not form, and is not permitted over objection after the defendant has entered his plea."

Finally, Evans directs our attention to the case of *Gullett v. State*, (1953) 233 Ind. 6, 116 N.E.2d 234, and urges us to find *Gullett* controlling in his case. He points out that the defendant in *Gullett* was originally charged with stealing an automobile which was the property of Robert Grindle. After the jury had been sworn, the affidavit was amended to show that the automobile was the property of Mary Louise Grindle. Evans then quotes the following language from *Gullett* at pages 9–10 of 233 Ind., at page 236 of 116 N.E.2d:

" ' "Substance" is that which is essential to the making of a valid charge of crime.' *Soverdike v. State* (1951), 230 Ind. 192, 196, 102 N.E.2d 367. 'The names of third persons who are only incidentally or collaterally connected with the offense charged against an accused need not be stated in an affidavit or indictment. *State v. Hopper* (1892), 133 Ind. 460, 32 N.E. 878; Joyce on Indictments, 2d Ed., § 438. But as a general rule the name of one injured in his person or property, by the act of the accused, or the name of one whose identity is essential to a proper description of the offense charged should be alleged if known, and if unknown the fact should be alleged. Ibid. § 432; 42 C.J.S. Indictments and Informations § 142.' *Robinson v. State*

(1953), 232 Ind. 396, 112 N.E.2d 861, 862. It is quite evident that § 10–3011, Burns' 1942 Replacement, defining the offense of vehicle taking requires the state to allege and prove that the vehicle used, driven, run or operated was 'the property of another.' This is a material and essential allegation of substance the same as the ownership of property which is stolen. 'The ownership of property stolen is a material allegation descriptive of the offense. *Shelby v. State* (1951), 229 Ind. 186, 96 N.E.2d 340; *Rhoades v. State* (1946), 224 Ind. 569, 70 N.E.2d 27.' *State ex rel. Kaufman v. Gould* (1951), 229 Ind. 288, 291, 98 N.E.2d 184, *supra.* Therefore, it was error to permit the state to amend each count of the amended affidavit by changing the name of the ownership of the automobile involved."

The State contends that the information was amended in order to cure an immaterial defect and that the amendment was not prejudicial to Evans' substantial rights. Such an amendment, argues the State, is permitted under Ind.Code 35–3.1–1–5(a)(9), (c), and (e) (Supp.1978).

The key statute in this case, Ind.Code 35–3.1–1–5 (Supp.1978), provides, in pertinent part, as follows:

"35–3.1–1–5   Amendment of charge—

Sec. 5(a) An indictment or information which charges the commission of an offense shall not be dismissed but *may be amended on motion by the prosecutor at any time because of any immaterial defect, including*:

\*      \*      \*      \*      \*      \*

(9) *Any other defect which does not prejudice the substantial rights of the defendant.*

(b) The indictment or information may be amended in matters of substance or form by the prosecutor upon giving notice to the defendant and with the consent of the court, at any time before arraignment. When the information or indictment is amended, it shall be signed by the prosecuting attorney.

(c) Upon motion of the prosecutor the *court may at any time before, during, or*

*after the trial permit an amendment to the indictment or information in respect to any defect, imperfection, or omission in form which does not prejudice the substantial rights of the defendant.*

(d) Before amendment of any indictment or information other than amendment as provided in subsection (b) of this section, the court shall give all parties adequate notice of the intended amendment and an opportunity to be heard. Upon permitting such amendment, the court shall, upon motion by the defendant, order any adjournment or postponement of the proceedings which may, by reason of such amendment, be necessary to accord the defendant adequate opportunity to prepare his defense.

(e) Notwithstanding any other provision in this section, *an indictment or information shall not be amended in any respect which changes the theory or theories of the prosecution as originally stated, or changes the identity of the offense charged*; nor may an indictment or information be amended after arraignment for the purpose of curing a failure to charge or state an offense or legal insufficiency of the factual allegations. . . ." (Our emphasis)

It is true that proof that the property stolen belonged to someone other than the accused is a required element of a prosecution for theft. The statute under which Evans was charged, IC 35–43–4–2, provides as follows:

"35–43–4–2   Theft

Sec. 2. A person who knowingly or intentionally exerts unauthorized control over *property of another person*, with intent to deprive the other person of any part of its value or use, commits theft, a class D felony. . . ." (Our emphasis)

■   However, it is not necessary to allege the name of the actual owner of the stolen property; instead, the information will be sufficiently precise if the name of the possessor of the stolen property is alleged. Note that IC 35–43–4–2 deals with

the theft of "property of another person." That term is defined for the purposes of our criminal code in Ind.Code 35–41–1–2 (Supp. 1978):

"35–41–1–2  Definitions

Sec. 2.  As used in this title:

\*   \*   \*   \*   \*   \*

Property is that 'of another person' if the other person has a possessory or proprietary interest in it, even if an accused person also has an interest in that property. \*   \*   \*"

Thus, the information as it appeared originally, showing the Baysinger Machine Shop as the party whose tools were stolen, would have been sufficient without amendment. There was ample, uncontroverted evidence showing that the tools in question had been taken from within the shop. The shop or, rather, its owner, Mr. Baysinger, could have been found beyond a reasonable doubt to have had a possessory interest [1] in the tools prior to the theft. However, the information was amended to make the allegation more accurate. The amendment showed that David Stinson was the owner of the tools, and he so testified at trial. Thus, there was no defect in the information as it read originally, and there was no violation of IC 35–3.1–1–5(a)(9). There is no indication in the briefs or in the record that the amendment changed the evidence regarding the location of the tools or Mr. Baysinger's possessory interest in them. Neither the theory of the prosecution nor the identity of the offense was changed by the amendment. We find no violation of IC 35–3.1–1–5(e).

Evans has not specified any particular way in which he has been prejudiced by the amendment of the information. The objection made on his behalf by the Public Defender at the time of the amendment was general, according to the record.[2] The Public Defender later requested and obtained a continuance, but the amendment of the information was not mentioned as a ground for the requested continuance. Under the continuance, the trial date was reset to August 31, 1978, fifteen days after the amendment was made. This was ample time to prepare for trial.

Although the excerpt quoted by Evans from *Gullett, supra,* appears on its face to be applicable to the case at bar, a closer examination of *Gullett* shows that it is factually distinguishable. At the beginning of his opinion for the court in *Gullett,* Judge Emmert wrote, at page 7 of 233 Ind., at page 235 of 116 N.E.2d: "This appeal involves the right of the state to amend an affidavit *after the jury had been impaneled and sworn* to try the cause and *after the court had instructed the jury* in writing pursuant to Rule 1–7A." (Our emphasis) As we have already stated, the amendment of the information in the case at bar occurred more than *two weeks* prior to the commencement of the trial. Furthermore, Evans has not attempted to demonstrate any particular prejudice due to the amendment. Judge Garrard wrote in *Ewing v. State,* (1976) Ind.App., 358 N.E.2d 204, 207, that "to 'prejudice the substantial rights of the defendant' the alleged error must affect, at least potentially, the merits of the cause." We have not found any way in which the amendment here affected, even potentially, the merits of the cause. The amendment did not violate IC 35–3.1–1–5(c).

We do not hold today that amending the allegation of the identity of the person whose property has been stolen after the accused has pled will always be proper. IC

---

1. Our Supreme Court said in *Williams v. State,* (1969) 253 Ind. 316, 321, 253 N.E.2d 242, 245: ".   .   .   Possession involves a present or, in the case of constructive possession, a past ability to control the thing possessed plus an intent to exclude others from such control. *State ex rel. Edie v. Shain* (1941), 348 Mo. 119, 152 S.W.2d 174.   .   .   ."

Furthermore, possession need not be exclusive, and ownership is not essential to possession. *Bennett v. Texas,* (1954) 160 Tex.Cr.R. 354, 271 S.W.2d 284.

2. If an objection had been made on specific grounds, but the basis for the objection was not reported in the record, Evans could have sought to supplement the record pursuant to Ind. Rules of Procedure, Appellate Rule 7.2(C).

35–3.1–1–5 has considerable vitality. We hold only that, on the facts of this case, there was no material defect in the original information and no prejudice to Evans' substantial rights was caused by the amendment. *See Humphrey v. State,* (1978) Ind., 377 N.E.2d 631.

*Issue Two*

■ The crime of theft is a Class D felony. IC 35–43–4–2. A person convicted of a Class D felony shall be imprisoned for a fixed term of two years plus not more than two years added for aggravating circumstances. Ind.Code 35–50–2–7 (Supp.1978). The criteria for determining the amount of time, if any, to be added to the base sentence for aggravating circumstances are enumerated in Ind.Code 35–4.1–4–7 (Supp. 1978) (IC 1971, 35–50–1A–7 (Burns Code Ed., Repl.1979)):

"35–4.1–4–7   Criteria for sentencing

\*    \*    \*    \*    \*    \*

Sec. 7.   (a) In determining what sentence to impose for a crime, the court shall consider the risk that the person will commit another crime, the nature and circumstances of the crime committed, and the prior criminal record, character, and condition of the person.

\*    \*    \*    \*    \*    \*

(c) The court may consider these factors as aggravating circumstances or as favoring imposing consecutive terms of imprisonment:

(1) The person has recently violated the conditions of any probation, parole, or pardon granted him.

(2) The person has a history of criminal activity.

(3) The person is in need of correctional or rehabilitative treatment that can best be provided by his commitment to a penal facility.

(4) Imposition of a reduced sentence or suspension of the sentence and imposition of probation would depreciate the seriousness of the crime.

(5) The victim of the crime was sixty-five (65) years of age or older.

(6) The victim of the crime was mentally or physically infirm.

(d) The criteria listed in subsections (b) and (c) of this section do not limit the matters that the court may consider in determining the sentence.   .   .   . "

The Clay Circuit Court sentenced Evans to the maximum imprisonment of four years. The court gave the following reasons for imposing that sentence:

"   .   .   .   Court now for reasons of the imposition of additional two years finds that the defendant was convicted in Indianapolis in 1972 for bank robbery, he was sentenced to four years probation with 74 days spent in jail suspended; that in August, 1974, he was charged with parole violation, probation was reinstated one month later; that in August 1975, defendant was arrested by the Clay County Sheriff's Department for drawing a dangerous weapon on a Reserve Deputy Sheriff of Clay County, Indiana, which officer was not in uniform, and resisting arrest; that his parole was violated on that arrest and he served one year in the United States Penitentiary in Lexington, Kentucky; that in March, 1977, defendant was convicted of accessory to theft and was fined $500; that the defendant has pending in the Clay Circuit Court a burglary and theft charge in addition to the present one. The court finds that the defendant, therefore, has recently violated conditions of probation and parole; that the defendant has a history of criminal activity; that defendant is in need of correctional or rehabilitative treatment that can best be provided by commitment to a penal facility.   .   .   . "

Evans maintains that his sentence of four years is excessive as a matter of law. He asserts that he has only been convicted on two prior occasions and that only the 1972 bank robbery conviction was for a serious charge. He concedes that the two convictions qualify as a "criminal history," but he argues that the nature of those crimes and the period of time between them do not suggest that he is a "professional criminal." Furthermore, he emphasizes that IC 35–4.-1–4–7(c)(1) only includes a *recent* probation

revocation as a criterion, and he contends that the three year period between his probation revocation and his conviction in this case was too long to permit consideration of the revocation. Finally, he maintains that the court cannot rely on IC 35–4.1–4–7(c)(3) in adding two years to the base sentence, apparently because he feels that the minimum sentence of two years would serve the purpose of providing him correctional or rehabilitative treatment.

■ The determination of how much time, if any, should be added to the convicted person's sentence for aggravating circumstances and whether certain factors may properly be considered in determining the sentence are clearly questions which have been placed within the discretion of the trial court by IC 35–4.1–4–7. On the subject of a trial court's discretion, Judge Staton wrote in *Sleck v. State*, (1977) Ind. App., 369 N.E.2d 963, 965–66.

> " . . . When a decision has been committed to the trial court's discretion, that decision will be reversed only upon a showing of a manifest abuse of discretion. *Cissna v. State* (1976), Ind.App., 352 N.E.2d 793. Such an abuse of discretion occurs only when the trial court makes an erroneous conclusion that is clearly against logic and the natural inferences to be drawn therefrom. *Merry v. State* (1975), Ind.App., 335 N.E.2d 249."

We have not found manifest abuse of discretion on the part of the Clay Circuit Court in sentencing Evans.

Moreover, our Supreme Court has promulgated rules to govern our review of sentences. Ind. Rules of Procedure, Appellate Review of Sentences Rule 2 provides as follows:

> "SCOPE OF REVIEW
>
> (1) The reviewing court will not revise a sentence authorized by statute except where such sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender.
>
> (2) A sentence is not manifestly unreasonable unless no reasonable person could

find such sentence appropriate to the particular offense and offender for which such sentence was imposed."

Our consideration of the record and of IC 35–4.1–4–7 has led us to the conclusion that Evans' sentence is not manifestly unreasonable.

Affirmed.

LYBROOK and ROBERTSON, JJ., concur.