Mark S. REMBE, Petitioner-Appellant

v.

STATE of Indiana,
Respondent-Appellee.

No. 4–1284A331.[1]

Court of Appeals of Indiana,
First District.

June 13, 1985.

Susan K. Carpenter, Public Defender of Ind., Jo Ann Farnsworth, Deputy Public Defender, Indianapolis, for petitioner-appellant.

Linley E. Pearson, Atty. Gen. of Ind., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for respondent-appellee.

NEAL, Judge.

### STATEMENT OF THE CASE

Petitioner-appellant, Mark S. Rembe (Rembe) appeals the partial denial of his petition for post-conviction relief under Post-Conviction Remedies, Rule 1.

We affirm.

### STATEMENT OF THE FACTS

On January 17, 1983, Rembe was charged in a three count information of I-theft, II-burglary, and III-theft. Pursuant to a plea agreement, he entered a guilty plea on all counts and received sentences of two years, five years, and two years respectively, to be served concurrently. Two years on Count II were suspended. Thereafter Rembe filed his P.C. 1, alleging that the guilty plea was not knowingly, voluntarily, and intelligently entered because the trial court failed to advise him that as a minimum sentence for theft, a Class D felony, he could be sentenced pursuant to the Class A misdemeanor penalty. After hearing, the trial court granted the P.C. 1 as to Counts I and III, but denied it for Count II.

### ISSUE

Rembe argues that since his guilty plea to theft, Counts I and III, were not entered knowingly, voluntarily and intelligently due to the court's failure to advise him of the minimum penalty, then the entire plea is vitiated.

### DISCUSSION AND DECISION

Rembe correctly cites IND.CODE 35–35–1–2 and the cases which hold that failure to strictly comply with that statute is error and the defendant is entitled to withdraw

---

1. This case diverted from the Fourth District by order of the Chief Judge.

his plea. *Davis v. State,* (1983) Ind., 446 N.E.2d 1317; *Early v. State,* (1982) Ind., 442 N.E.2d 1071; *German v. State,* (1981) Ind., 428 N.E.2d 234. He also correctly argues that the record must affirmatively show compliance. *German, supra.* He relies heavily, but incorrectly upon *Moyer v. State,* (1978) 177 Ind.App. 461, 379 N.E.2d 1036, which merely stands for the proposition that where a defendant, pursuant to a plea agreement, pleads guilty to two charges, and later withdraws his plea to one, the State may, upon motion, set aside the plea to the other one. He also relies upon *McKinney v. State,* (1982) Ind. App., 442 N.E.2d 727, which holds that a defendant is entitled to know the minimum sentence to the charge he is pleading guilty to, even though he explicitly agrees to plead guilty and receive a specified sentence. He argues that it cannot be assumed that he would enter a plea to burglary and receive a specified sentence if he did not know the minimum sentence for theft.

 Each count of an indictment or information is regarded as if it were a separate indictment or information. *Grimm v. State,* (1980) 273 Ind. 21, 401 N.E.2d 686; *Smith v. State,* (1979) 270 Ind.

579, 388 N.E.2d 484; *Flowers v. State,* (1943) 221 Ind. 448, 48 N.E.2d 56. For purposes of a trial, each count is treated and measured separately, and a defendant may be found guilty or acquitted on one or more or all of several charges. *Id.* We see no reason why procedures utilized in accepting guilty pleas should be an exception to that rule. We have examined the transcript of the guilty plea hearing and have found the advices and interrogation of Rembe by the court as to Count II explicit and full. Rembe does not contend otherwise and advances no authority or logical argument as to why all counts should be vacated merely because advices on the penalty to one was inadequate.

For the above reason, this cause is affirmed.

Judgment affirmed.

RATLIFF, P.J., and ROBERTSON, J., concur.